UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

MARJORIE SHEPHERD                                    CIVIL ACTION NO. 14-2623

VERSUS                                                         JUDGE S. MAURICE HICKS, JR.

CITY OF SHREVEPORT, ET AL.                     MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Before the Court is a Motion for Reconsideration (Record Document 45) filed by Plaintiff Marjorie Shepherd ("Shepherd"). Shepherd asks that she be permitted leave of court to file a response to Defendants' objections to her Motion to Supplement and that the Court reconsider its April 1, 2016 order and permit the filing of all or part of her Supplemental Opposition to Defendants' Motion for Summary Judgment. See id. Defendants oppose the instant Motion for Reconsideration. See Record Document 51.

Rule 54(b) provides that an order that adjudicates fewer than all the claims among the parties "may be revised at any time" before the entry of a final judgment. F.R.C.P. 54(b); Nierman v. Ohio Cas. Ins. Co., No. CIV.A. 10-0319, 2012 WL 1039683, at *3 (W.D. La. Mar. 28, 2012). Thus, Rule 54(b) is the proper procedural vehicle to request that a district court reconsider an interlocutory order and the Court construes the instant motion as a Rule 54(b) motion. The Court must determine whether reconsideration is necessary under the relevant circumstances. See Nierman, 2012 WL 1039683, at *3. While the legal standard for evaluating a motion to reconsider under Rule 54(b) appears to be less exacting than that imposed by Rules 59 and 60, considerations similar to those under Rules 59 and 60 inform the Court's analysis. See id. The considerations include whether

the movant is attempting to rehash its previously made arguments or is attempting to raise an argument for the first time without justification. See id., *citing* Valles v. Frazier, No. 08-501, 2009 WL 4639679, *2 (W.D.Tex. Nov. 30, 2009).

The Motion for Summary Judgment (Record Document 22) has been extensively briefed. The Court's review of Shepherd's supplemental opposition and the instant motion for reconsideration reveal that Shepherd is attempting to raise new arguments, and likely new substantive claims, relating to the conduct of dispatchers and firefighters. The supplemental filing also relies upon new expert opinion. There is insufficient justification for these arguments, claims, and new expert evidence to be raised for the first time in a supplemental filing. As a whole, the Court does not believe that reconsideration is necessary under the relevant circumstances.

Accordingly,

**IT IS ORDERED** that Shepherd's Motion for Reconsideration (Record Document 45) be and is hereby **DENIED**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 7th day of March, 2017.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE